**SIGNED THIS: April 20, 2007**

_____
**MARY P. GORMAN
UNITED STATES BANKRUPTCY JUDGE**
_____

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| In Re | ) | |
| | ) | In Bankruptcy |
| LARRY RIGG VANDEVENTER, JR. | ) | |
| | ) | Case No. 06-71719 |
| Debtor. | ) | |

**O P I N I O N**

The issue before the Court is whether 11 U.S.C. §522(c)(1), as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), provides a Chapter 7 trustee with a valid basis to object to a debtor's claimed exemptions and to administer otherwise exempt property for the benefit of a domestic support obligation creditor. This Court, joining the three other bankruptcy courts which have reviewed the issue, finds that the BAPCPA amendments do not provide a basis for a trustee to

successfully object to a debtor's claim of exemptions or to administer otherwise exempt assets.

The Debtor, Larry Rigg VanDeventer, Jr., filed a petition pursuant to Chapter 7 of the Bankruptcy Code on December 1, 2006. He is divorced and has a 16 year-old daughter. He has a monthly maintenance and child support obligation of $1,093.35. He scheduled his ex-wife, Shirley VanDeventer, as holding an unsecured priority claim of $2,180 for child support and maintenance. All parties agree that this claim of Mrs. VanDeventer is a "domestic support obligation".[1]

---

[1] BAPCPA added the new term "domestic support obligation" to the Code and defines the term as follows:

§101. Definitions.

In this title the following definitions shall apply:

* * * *

(14A) The term "domestic support obligation" means a debt that accrues before, on, or after the date of the order for relief in a case under this title, including interest that accrues on that debt as provided under applicable non-bankruptcy law notwithstanding any other provision of this title, that is-

    (A)  owed to or recoverable by -

        (i)  a spouse, former spouse, or child of the debtor or such child's parent, legal guardian, or responsible relative; or

        (ii) a governmental unit;

    (B)    in the nature of alimony, maintenance, or support (including assistance

The Debtor owns two pieces of real estate - the former marital residence in Dalton City and the house where he currently resides in Decatur. The house in Dalton City has $30,000 of equity, but the Debtor has been ordered by a court to quitclaim his interest in the house to his ex-wife, who is a joint owner of the property. He is buying the Decatur house on contract for deed and has $4,450 of equity in it, which he claims as exempt as his homestead.

---

>   provided by a governmental unit) of such spouse, former spouse, or child of the debtor or such child's parent, without regard to whether such debt is expressly so designated;
>
>   (C)    established or subject to establishment before, on, or after the date of the order for relief in a case under this title, by reason or applicable provisions of -
>
>   (i)    a separation agreement, divorce decree, or property settlement agreement;
>
>   (ii) an order of a court of record; or
>
>   (iii)  a determination made in accordance with applicable nonbankruptcy law by a governmental unit; and
>
>   (D)    not assigned to a nongovernmental entity, unless that obligation is assigned voluntarily by the spouse, former spouse, child of the debtor, or such child's parent, legal guardian, or responsible relative for the purpose of collecting the debt.

11 U.S.C. §101(14A).

Section 523(a)(5) was also amended to except domestic support obligations from discharge. 11 U.S.C. §523(a)(5).

-3-

The Debtor scheduled personal property which he values at $16,315. Most of the property is either fully secured or claimed as exempt. The only exceptions are a 1982 Harley Davidson F1H which he values at $3,500 and partially exempts under his wildcard exemption to the extent of $1,685, and a 1999 Dodge pickup truck which he values at $2,800 and partially exempts under his automobile exemption to the extent of $2,400. The Trustee has also requested that the Debtor provide copies of his 2006 state and federal income tax returns and turn over any refunds he receives. The amount of potential refunds was not known at the time arguments were heard on the Trustee's Objection to Exemptions, but both parties agree that the Debtor has used all of his personal property "wild card" exemption on other assets and, therefore, no part of any refund will be exempt.

On January 12, 2007, the Trustee filed a timely objection to the Debtor's claims of exemption "to the extent that the Trustee is required to collect those assets to pay domestic support obligations and/or costs of administration related thereto." The Trustee's objection is based on 11 U.S.C. §522(c)(1).

Prior to BAPCPA, 11 U.S.C. §522(c)(1) provided as follows:

> (c) Unless the case is dismissed, property exempted under this section is not liable during or after the case for any debt of the debtor that arose, or that is determined under section 502 of this title as if such debt had arisen, before the commencement of the case, except –
>
>> (1)  a debt of a kind specified in

-4-

>     section 523(a)(1) or 523(a)(5) of this title[.]

BAPCPA amended this subsection so that subsection (1) now reads as follows:

>     (1) a debt of a kind specified in paragraph (1) or (5) of section 523(a) (in which case, notwithstanding any provision of applicable nonbankruptcy law to the contrary, such property shall be liable for a debt of a kind specified in section 523(a)(5))[.]

11 U.S.C. §522(c)(1).

The Trustee believes that this change in §522(c)(1) requires the disallowance of the Debtor's exemption in the pickup truck and the Harley Davidson so that these assets may be liquidated and the proceeds paid to the ex-wife, who holds a claim for a domestic support obligation. Three courts have considered this argument and unanimously rejected it. In re Covington, 2006 WL 2734253 (Bankr. E.D. Cal.); In re Ruppel, 2007 WL 108941 (Bankr. D. Or.); In re Quezada, ___ B.R. ___, 2007 WL 438258 (Bankr. S.D. Fla.).

In re Covington, *supra*, was the first case to consider the impact of the BAPCPA on §522(c)(1). Because the debtor in Covington owed a domestic support obligation, the trustee argued that §522(c)(1) required the disallowance of the debtor's exemption in a bank deposit and an automobile. The court rejected this argument, noting that "§522(c)(1) does not provide for the disallowance of an exemption. Rather, it provides that property exempted by the debtor is nonetheless liable for a domestic support

obligation.  Disallowance of the exemption is not a predicate to the enforcement of a domestic support obligation." Id. *at *2.

The trustee in Covington next argued that §522(c)(1) allowed him to liquidate the exempt property in order to pay the domestic support obligation.  The court rejected this argument because a trustee is only authorized to collect and reduce to money property of the estate, and exempt property is removed from the estate. "Therefore, there is no 'property of the estate' for the trustee to administer for the benefit of creditors in general or the holder of the domestic support obligation in particular." Id.

Covington buttressed its conclusion by analogy to the pre-BAPCPA provision in §523(a)(1), which allows the holder of a nondischargeable tax claim to enforce it against property that the debtor has exempted from the bankruptcy estate.  The court noted that the trustee had failed to cite any "authority indicating that he may liquidate otherwise exempt property because the debtor happens to owe a nondischargeable tax claim." Id. *See also* In re Stone, 329 B.R. 860, 865 (Bankr. N.D. Iowa 2005) (Because IRS did not assert its rights under §522(c), trustee's objection to exemption based on this provision is denied.)

In re Ruppel, *supra*, agreed with Covington that otherwise exempt property did not lose its exempt status under §522(c)(1) and it is not property of the estate subject to administration by the Chapter 7 trustee.  The court added that "BAPCPA enhanced the

-6-

rights of DSO [domestic support obligation] claimants, but conspicuously did not provide trustees with the additional duty or authority to liquidate exempt property for the benefit of a DSO claimant." Id. *at* *2.

In re Quezada, *supra*, is the most recent case to address the issue. Following Covington and Ruppel, the Quezada court quickly concluded that §522(c)(1) does not provide a basis for the trustee to object to a homestead exemption and it does not allow a trustee to administer exempt homestead property for the benefit of a domestic support obligation creditor. The court then focused its discussion on the trustee's argument that the BAPCPA amendments, not only to §522(c)(1), but also to §507, authorized her to administer exempt property. BAPCPA amended §507(a)(1)(A) to award domestic support obligations first administrative priority and also added §507(a)(1)(C) to protect a trustee's ability to recover administrative expenses for administering assets to pay domestic support obligation claims:

> If a trustee is appointed. . . the administrative expenses of the trustee. . . shall be paid before payment of [DSO claims], to the extent that the trustee administers assets that are otherwise available for the payment of [DSO claims].

11 U.S.C. §507(a)(1)(C).

Because exempt assets are liable for domestic support obligation claims under §522(c)(1), the trustee argued that these exempt assets are "assets that are otherwise available for the

-7-

payment of [DSO claims]." Therefore, the trustee asserted that Congress intended trustees to administer these assets under §507(a)(1)(C).

The court found the trustee's argument to be "colorable but not convincing". Quezada, supra, *at* *3. Section 507 simply provides the priorities for distribution of property of the estate; it does not grant authority to a trustee to liquidate exempt property. Moreover, a trustee is limited to collecting and reducing to money "property of the estate." 11 U.S.C. §704(a)(1). Exempt property is not property of the estate, and BAPCPA did not create any exceptions to allow a trustee to liquidate exempt assets for distribution to domestic support obligation claims. BAPCPA only amended §704 to require a trustee to provide written notice to holders of domestic support obligation claimants and state child support enforcement agencies of their rights in collecting child support during and after the case. 11 U.S.C. §704(a)(10) and (c).

The Quezada court also rejected a policy argument advanced by the trustee. The trustee suggested that, while §522(c)(1) creates a federal right entitling domestic support obligation creditors to execute against exempt assets even where the assets are exempt from execution under state law, it would be awkward for such a creditor to seek relief in state court to pursue an asset exempt under state law. The court responded that the statutory bar to a trustee administering exempt property does not deprive the bankruptcy court

of jurisdiction under 28 U.S.C. §1334(b) if the domestic support obligation creditor seeks to enforce her claim against exempt property in the bankruptcy court. Quezada, supra, *at* *4.

The Trustee in this case seeks to liquidate the Debtor's exempt assets to pay the domestic support obligation of Mrs. VanDeventer so that he can use other non-exempt assets to pay unsecured creditors. If he is not allowed to pay Mrs. VanDeventer out of the exempt assets, then he will have to pay her priority claim out of the nonexempt assets, in which case unsecured creditors may get nothing. Quezada considered and rejected this argument as a basis to allow the Trustee to administer exempt assets. Quezada noted the bankruptcy goal of promoting a debtor's fresh start and the importance of allowing a debtor to retain exempt property in achieving this goal:

> Congress specifically gave DSO claims the highest priority in amended §507(a)(1). That policy decision is clear. It is much harder, if not impossible, to find support for the proposition that Congress intended exempt property to be administered in an asset case to pay DSO claims in order to provide a benefit to the unsecureds. To the contrary, it would seem in direct conflict with the basic concept of exemptions to, in effect, be using exempt property to benefit unsecured creditors.

Id. *at* *5.

The Court finds the reasoning of Covington, Ruppel, and Quezada to be persuasive. These courts thoroughly analyzed the BAPCPA statutory changes and the policy reasons behind these changes. This Court joins them in concluding that the BAPCPA

-9-

amendment to §522(c)(1) does not provide a Chapter 7 trustee with a valid basis to object to a claimed exemption or to administer otherwise exempt property for the benefit of a domestic support obligation claimant.

For the foregoing reasons, the Trustee's Objection to the Debtor's Claim of Exemption is denied.

This Opinion is to serve as Findings of Fact and Conclusions of Law pursuant to Rule 7052 of the Rules of Bankruptcy Procedure.

See written Order.

###